FILED

13 JAN -3 AM 9:33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___O4B___          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAELENA GOMEZ VARGAS,<br><br>                                  Plaintiff,<br>     vs.<br><br>MAURA GUTIERREZ; SYLVIA<br>SALAZAR; and DOES 1-20, inclusive,<br><br>                             Defendants. | CASE NO. 11-CV-2393 BEN (NLS)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO REMAND AND<br>GRANTING IN PART<br>PLAINTIFF'S MOTION FOR<br>LEAVE TO AMEND**<br><br>[ECF Nos. 10, 35] |

      With a bankruptcy stay lifted, Plaintiff Mariaelena Gomez Vargas moves again to remand this employment law action to state court. (ECF No. 35.) Also awaiting a decision is Vargas's pre-stay motion to amend her complaint. (ECF No. 10.) For the reasons stated below, the Court **DENIES** Vargas's motion to remand but **GRANTS IN PART** Vargas's motion for leave to amend.

## BACKGROUND

      In September 2011, Vargas filed a complaint against Maura Gutierrez[1] and Gutierrez's daughter, Sylvia Salazar (collectively, "Defendants"), in San Diego County Superior Court. (Compl. ¶ 1, ECF No. 1, Ex. 1.) Vargas alleges that she worked as a caretaker for the elderly Gutierrez, who suffered from Alzheimer's disease, for nearly two-and-a-half years. (*Id.* ¶¶ 1, 10.) She claims to have

---

[1] Vargas's spelling of party names is inconsistent. For example, she uses "Gutierrez" in the caption of her Complaint, but she uses "Guttierez" in her motions to amend and remand. The Court will use the spellings from the Defendants' pleadings.

11cv2393

1   worked 113 hours per week for wages of $225 per week, plus $30.00 for gas. (*Id.* ¶ 10.) The

2   complaint alleges seven causes of action, including failure to pay the state minimum wage and failure

3   to pay overtime wages.

4        In October 2011, Defendants removed the case to federal court, based on diversity. (Notice

5   of Removal, ECF No. 1.) They allege Vargas is a "citizen, national and resident" of Mexico and that

6   they are California citizens residing in San Diego. (*Id.* ¶ 1, 4.) They allege that the amount in

7   controversy exceeds $75,000. (*Id.* ¶ 3.)

8        Vargas moved for leave to file a first amended complaint in January 2012. (Mot. to Amend,

9   ECF No. 10.) She sought—and presumably still seeks—to add four defendants, namely Gutierrez's

10  three other children and a living trust. She contends that all were her employers. Defendants filed a

11  response in opposition to the proposed amendment, and Vargas replied. (ECF Nos. 13, 14.) Vargas

12  later moved to remand the case to state court. (ECF No. 22.) Neither motion was resolved prior to

13  Gutierrez's filing for bankruptcy protection in June. The Court stayed this case pending the outcome

14  of the bankruptcy proceedings.

15       Gutierrez has since passed away. The bankruptcy court closed her case in July. In December,

16  Vargas renewed her motion to remand the case. (Mot. to Remand, ECF No. 35.) In light of that filing,

17  Vargas's earlier motion to remand (ECF No. 22) is **DENIED AS MOOT**. The Court decides the

18  renewed motion, as well as Vargas's motion to amend, without oral argument. *See* CIVLR 7.1.d.1.

19                                          **DISCUSSION**

20  **1.   MOTION TO REMAND** [ECF No. 35]

21       As a general rule, a defendant in a civil action brought in state court may remove that case to

22  federal court if the action "originally could have been filed in federal court." *Caterpillar, Inc. v.*

23  *Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Federal courts have jurisdiction in diversity

24  cases when "the suit is between citizens of different states, and the amount in controversy exceeds

25  $75,000 exclusive of interest and costs." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.*

26  *Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing 28 U.S.C. § 1332(a)). The proponent of federal

27  jurisdiction—the Defendants in this case— must prove that removal is proper. (*Id.* at 1106-07.) "The

28  district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional

1   amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require
2   parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time
3   of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) (citing *Allen*
4   *v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). "[I]f the jurisdictional requisites are
5   present when the action begins, subsequent events will not ordinarily defeat the district court's
6   jurisdiction." *Hill v. Roleri*, 615 F.2d 886, 889 (9th Cir. 1980).

7        Vargas does not address citizenship in her motion to remand. Instead, she purports to waive
8   "any claim in excess of $75,000." (Mot. to Remand at 3.) "By virtue of this Motion, Plaintiff is
9   asserting that her claim is under the jurisdictional limit and in so doing deprives the Federal Court of
10  continuing jurisdiction." (*Id.* at 1-2.) Unfortunately for Vargas, a post-removal offer to limit recovery
11  does not have the effect she intends. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,
12  289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount
13  recoverable below the statutory limit do not oust jurisdiction."); *Phelps v. Cox Commc'ns Las Vegas,*
14  *Inc.*, 2:11-CV-00801-PMP, 2011 WL 6752554, at *3 n.2 (D. Nev. Dec. 22, 2011) ("[T]he Court does
15  not consider Plaintiff's post-removal stipulation to limit his individual recovery to $75,000 because
16  facts are determined at the time of removal and generally post-removal acts do not oust the court of
17  jurisdiction."). As Defendants note, it is facially apparent from Vargas's complaint—as well as the
18  proposed amended complaint lodged with this Court— that the jurisdictional amount is in controversy.
19  The complaint alleges, for example, that Vargas is owed "an additional $6.01 for each of the 113 hours
20  that she worked per week during the approximate 126 weeks of employment" due to Defendants' failure
21  to pay minimum wage. (Compl. ¶ 10.) That alone equates to $85,570.38, and it accounts for only the
22  first of several causes of action. Vargas herself asserted in a prior motion to compel that "the claim
23  against the Defendants would be six figures if they admitted to employing her around the clock four
24  days a week." (Mot. to Compel at 2, ECF No. 18.)

25       It is clear from the complaint that the jurisdictional amount is satisfied. Vargas's post-removal
26  stipulation that her claim is under the jurisdictional limit does not strip this Court of jurisdiction.
27  Vargas's motion to remand to case to state court is **DENIED**.

28  //

1    **2.    MOTION FOR LEAVE TO AMEND** [ECF No. 10]

2          Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings prior

3    to trial with leave of the court. "The court should freely give leave when justice so requires." FED. R.

4    CIV. P. 15(a)(2). A court may deny leave, however, when amendment would be frivolous or futile. *See*

5    *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not

6    be given if a complaint, as amended, is subject to dismissal."). The "proper test to be applied when

7    determining the legal sufficiency of a proposed amendment is identical to the one used when

8    considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton,*

9    *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation and quotation marks omitted). Dismissal is appropriate

10   under Rule 12(b)(6) if the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp.*

11   *v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

12   (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant

13   has acted unlawfully").

14         Defendants have four objections to the proposed amended complaint: (1) the omission of the

15   new defendants from the caption; (2) Vargas's failure to allege a basis for jurisdiction; (3) Vargas's

16   naming of a trust as a defendant; and (4) Vargas's naming of Gutierrez's children in their individual

17   capacities. The Court will address each in turn.

18         First, Vargas seeks to add as defendants three more of Gutierrez's children: Rosa Maria

19   Granquist, Carlos Gutierrez, and Mariaelena Carrillo. She also seeks to add the Maura C. Gutierrez

20   Living Trust Dated July 8, 2003. Although Vargas names each of the proposed defendants in the body

21   of the proposed amended complaint, Defendants correctly point out that she has not added them to the

22   case caption. Defendants' objection is well taken. The title of a complaint—including an amended

23   complaint—"must name all the parties." FED. CIV. P. 10(a). To the extent the Court grants leave

24   to amend, the amended complaint must comply with Rule 10(a).

25         Second, Defendants criticize Vargas for adding new parties yet failing to allege a basis for the

26   court's jurisdiction. Ordinarily, a pleading must contain a short and plain statement asserting the basis

27   of the court's jurisdiction. That is not necessary, however, when "the court already has jurisdiction and

28   the court needs no new jurisdictional support." FED. R. CIV. P. 8(a). Here, Defendants removed the case

- 4 -

1 from state court pursuant to 28 U.S.C § 1441(b). Subject matter jurisdiction is predicated on diversity.

2 The proposed amended complaint ("PAC") alleges that the children to be added, like the present

3 Defendants, are all adult residents of San Diego. (PAC ¶ 3, ECF No. 10, Ex. A.) No new jurisdictional

4 support is needed. To the extent Defendants are asserting that Vargas must allege a basis for personal

5 jurisdiction over the new parties, they are mistaken. "Jurisdiction under Rule 8 refers to subject matter

6 jurisdiction." 2 MOORE'S FEDERAL PRACTICE ¶ 8.03[1] (3d ed. 2012). At this juncture, Vargas need

7 not plead the basis for personal jurisdiction. *See Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986,

8 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with

9 the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this

10 burden when challenged by a motion under Rule 12(b)(2), which the moving defendant supports by

11 attaching affidavits." (internal citation omitted)). The Court will not deny leave to amend on this basis.

12 Third, Defendants object to the addition of a living trust as a defendant. Under California law,

13 a trust is a "fiduciary relationship with respect to property." *Ziegler v. Nickel*, 64 Cal. App. 4th 545,

14 548 (1998). "As a general rule, the *trustee* is the real party in interest with standing to sue and defend

15 on the trust's behalf." *In re Estate of Bowles*, 169 Cal. App. 4th 684, 691 (2008) (emphasis added).

16 A "trust itself can neither sue nor be sued in its own name. Instead, the real party in interest in litigation

17 involving a trust is always the trustee." *Presta v. Tepper*, 179 Cal. App. 4th 909, 914 (2009). Vargas

18 provides no authority supporting her proposed addition of the trust itself. She states only that "the

19 propriety of adding a trust as a party is not within the scope of what is to be determined in a Motion to

20 Amend the Complaint." (Reply at 2, ECF No. 14.) Not so. The claims against the trust would be

21 immediately subject to dismissal. Vargas may not add the trust as a party.

22 Fourth, Vargas apparently seeks to name Gutierrez's children as defendants both as individuals

23 and as trustees. Defendants assert that Vargas has not alleged any basis for individual liability. The

24 Court disagrees. In the proposed amended complaint Vargas alleges that each of the children were her

25 employers. PAC ¶ 1. She alleges that each was responsible for overseeing Gutierrez's funds and

26 personal care. (*Id.* ¶ 3.) And she alleges that all violated California's wage and hour laws. (*Id.* ¶¶ 9,

27 15, 19, 22, 24, 28, 32.) Although Vargas's principal argument appears to be that the children were

28 acting as trustees, (*id.* ¶ 4), she argues in the alternative that they were "acting in their individual

11cv2393

1  capacity as individual Defendants," *(id.* ¶ 5.) Liberally construing the complaint in Vargas's favor, she

2  appears to posit that the children could have hired Vargas outside the course of their administration of

3  the trust.  Although Vargas may not succeed in establishing individual liability, the Court cannot say

4  at this juncture that such allegations are futile.

5                                        **CONCLUSION**

6          For the reasons stated above, Vargas's renewed motion to remand the case to state court (ECF

7  No. 35) is **DENIED**.  Vargas's prior motion to remand (ECF No. 22) is **DENIED AS MOOT**.

8          Further, Vargas's motion to amend the complaint (ECF No. 10) is **GRANTED IN PART**. Due

9  to the pleading defects identified above, Vargas may not file her proposed amended complaint.  She

10  may file a *new* amended complaint, consistent with this order, within 30 days of entry.

11      **IT IS SO ORDERED.**

12

13  DATED: January    , 2013

14                                                        HON. ROGER T. BENITEZ
                                                        United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv2393